RICHARD L. HOLMES, Retired Appellate Judge.
This appeal involves subsection 11 of the “Expeditious and Economical Tax Appeals Act” (Act), which was codified in the 1958 version of the Alabama Code at Title 51, § 110(1). This Act was not codified in the 1975 version of the Alabama Code because it applies only to Jefferson County, Alabama.
The Act provides that a taxpayer may appeal to the circuit court the decision of the Jefferson County Board of Equalization and Adjustment (Board) regarding the assessed value of real property. The Act further provides that a three-member commission would be the trier of fact and that this three-member commission, under the supervision and control of the circuit court, would determine the assessed value of the property for the applicable time.
In July 1991, Birmingham Realty Company, Inc. (taxpayer), filed in the circuit court a notice of appeal from the final assessment rendered by the Board regarding the assessed value of numerous parcels of the tax *957 payer’s real property for ad valorem tax purposes.
The taxpayer alleged in its notice of appeal to the circuit court “that the fair and reasonable market values of the subject properties as fixed by the [Board] greatly exceed the true, fair, and reasonable market values of the properties.”
One of the parcels of property involved in this appeal to the circuit court was parcel number 22-36-1-40-13. In January 1995, the three-member commission heard the evidence concerning this particular parcel and assessed the value of this parcel, as of October 1, 1990, at $810,910. The circuit court entered a judgment in accordance with the commission’s findings.
On March 2, 1995, the circuit court issued an order, which stated the following, in pertinent part:
“The court heard the following issue, raised in the trial of the property valuation on one particular parcel of property, parcel number 22-36-1-40-13:
“Whether the property owner, having protested and appealed the assessed value of the property, under the Expeditious and Economical Tax Appeals Act, may in the trial of the matter before [the] commissioners have the commissioners fix and report the assessed valuation of said property for the subsequent tax years accruing after the date of said appeal, although no new appeal is filed in the subsequent years.
“The trial court has ruled against the property owner, refusing to allow the commissioners to fix and report the assessed valuation of the property for subsequent tax years. The case has not been finally concluded, there being remaining claims to resolve, but the court finds that there is no just reason for delay of the entry of a final judgment on the claim as to this parcel and certifies [that] the above issue and claim is deemed final under Rule 54(b) of the Alabama Rules of Civil Procedure.”
The taxpayer appeals and raises the issue stated in the circuit court’s order of March 2, 1995. We would note that there was no transcript of the proceedings in the circuit court and that this court was not favored with a brief from the Board.
Title 51, § 110(1)11., provides:
“Reporting valuation for subsequent tax years. The commissioners shall have the right of fixing and reporting to the court the assessed valuation of said property for any subsequent tax year accruing after the date of said appeal.”
The taxpayer contends that the circuit comí committed reversible error when it refused to allow the commission to fix and report the assessed value of the parcel for subsequent tax years.
The taxpayer states in its brief that it “proffered evidence at trial to establish the value of this parcel for the original tax year appealed (year ending October 1, 1991) and also for subsequent tax years accruing after the date of said appeal (years ending October 1, 1992, 1993, and 1994). [The taxpayer] did not file any appeal as to this parcel in any of the three subsequent years.”
Title 51, § 110(1)8., provides, in pertinent part:
“[T]he court shall be under the duty to see to it that every party has the opportunity of presenting to the commission any data relevant to the value of the property involved, and of being heard by argument. The court shall have complete authority to make such orders, rules, and regulations as in the court’s opinion are calculated to facilitate an expeditious and proper determination of the issues.”
As previously noted, there was no transcript of the proceedings in the circuit court. Consequently, this court does not know exactly what evidence was presented at the trial before the commission to establish the value of this parcel for the subsequent tax years accruing after the date of the appeal. Additionally, this court does not know if every party had the opportunity to present relevant data to the commission regarding the valuation of the parcel in subsequent tax years.
Therefore, under the facts of this ease, we cannot place the circuit court in error for refusing to allow the three-member commis *958 sion to fix and report the assessed value of the property for subsequent tax years.
We would also note that the statute in question provides the following, in pertinent part: “The commissioners shall have the right of fixing and reporting to the court the assessed valuation of said property for any subsequent tax year.... ”
It would appear that this language does not require, in every instance, that the commissioners fix and report to the court the assessed valuation of the property for the subsequent tax years. The language of the statute gives the commission such a “right” only when that action would be appropriate.
The fact that certain language which is used in a particular statute may be interpreted in more than one way syntactically does not sanction the construction of that particular statute at odds with common sense and practicality. Nobis v. State, 401 So.2d 191 (Ala.Crim.App.1981).
In any event, in view of the above, the judgment of the circuit court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the Judges concur.